IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELYSE UNRATH | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| STEAK AND ALE OF PENNSYLVANIA, INC., | : |
| d/b/a BENNIGAN'S GRILL AND TAVERN | : |

## NOTICE OF REMOVAL

Defendant, Steak and Ale of Pennsylvania, Inc., hereby gives notice of the removal of the civil action captioned *Unrath v. Steak and Ale of Pennsylvania, Inc., et al.* No. 2707, April Term, 2002 from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. This notice of removal is filed pursuant to 28 U.S.C §§ 1441(a) and 1446. As grounds for removal, defendant states as follows:

1. Plaintiff filed this action against defendant on April 17, 2002 in the Philadelphia County Court of Common Pleas, No. 002707, April Term, 2002. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendant are attached hereto as Exhibit "A."

2. Defendant was served with a copy of the Complaint in the state court action no earlier than April 24, 2002. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that the notice of removal of a civil action shall be filed within thirty days (30) after receipt by the defendant, through service or otherwise, of a copy of the initial pleading.

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the proper parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Complaint avers that on or about May 15, 2000, Plaintiff, Elyse Unrath, was lawfully on the premises of defendant's restaurant when she tripped, slipped and fell due to "defects with other obstruction and impediments to safe public travel," sustaining various injuries. (Plaintiff's Complaint ¶¶ 7, 12-17).

5. Defendant is informed and believes that at the time plaintiff's Complaint was filed, and at the time this notice is being filed, the plaintiff was and is a citizen of the Commonwealth of Pennsylvania.

6. At the time plaintiff's Complaint was filed, and at the time this notice is being filed, defendant, Steak and Ale of Pennsylvania, Inc., was and is incorporated in a state other than Pennsylvania with its principal place of business in a state other than Pennsylvania.

7. Plaintiff avers that as a result of Defendant's alleged negligence she sustained "serious injuries to her body, including but not limited to a spiral fracture of the mid shaft of the humerus of the left arm, surgery of the left arm including open reduction and internal fixation of the left humerus with a thirteen (13) hole plate, impairment of the left radial muscles and triceps, arm pain, rectal bleeding from pain medications, inability to sleep, low self esteem and a seven (7) inch scar, the extent of which is not yet known; which injuries have prevented her and may continue to prevent her from attending to her daily and usual duties and occupations; all of which injuries and conditions are or may be permanent in nature." (Plaintiff's Complaint ¶ 13).

8. Plaintiff claims that as a result of defendant's negligence she has been "obliged to expend various sums of money for medicine, medical attention and other assistance in and about endeavoring to treat, cure and care for herself due to the aforesaid injuries, all of which may continue in the future to her great detriment and loss." (Plaintiff's Complaint ¶ 14).

9. In addition, Plaintiff specifically avers that her medical expenses alone include, but are not limited to the following:

| | |
|---|---|
| a. Dr. David Cautilli | $1,356.15 |
| b. Nazareth Hospital | $ 567.23 |
| c. Dr. George Weber | $ 830.00 |
| d. Dr. David Bozentka | To be supplied |
| e. Presbyterian Medical Center | To be supplied |
| f. Dr. Allen Richmond | To be supplied |
| g. Moss Rehabilitation Hospital | To be supplied |
| h. Dr. Nathan Schatz | To be supplied |
| i. Lafayette Hill Medical Center | To be supplied |
| j. Quest Diagnostics | To be supplied |

(Plaintiff's Complaint ¶ 15).

10. Plaintiff further claims that as a direct result of her injuries she was "caused to miss eleven (11) weeks of work at the rate of approximately $1,069.59 per week," for a total of $11,765.49, and "out of pocket expenses in the amount of $2,196.95." (Plaintiff's Complaint ¶ 16).

11. Finally, Plaintiff claims that as a direct result of her injuries, she "may have suffered a permanent loss of earnings, and may continue to suffer from a permanent impairment of her earning power and capacity" (Plaintiff's Complaint ¶ 17) and makes an open-ended claim for damages "in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs and interest. (Plaintiff's Complaint, Count I).

12. The amount in controversy, for purposes of removal, is generally

decided from the complaint itself and the Court may rely on its own judgment as to the reasonable value of the rights being litigated. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated) (citations omitted); *Corwin Jeep Sales & Service, Inc. v. American Motor Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986) (holding that, when the complaint does not contain demand for specific monetary amount, court may look to petition for removal and make independent appraisal of the value of the claim).

        13.    A reasonable reading of the value of the rights plaintiff claims and the damages sought clearly show that the plaintiff seeks damages in an amount in excess of $75,000.00, exclusive of interest and costs.

        14.    The defendant reserves the right to amend or supplement this notice of removal.

        15.    Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on the plaintiff and filed with the Prothonotary of the Philadelphia Court of Common Pleas.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship between the plaintiff and defendant, and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

Respectfully submitted,

DALLER GREENBERG & DIETRICH, LLP

By: _____
Gerhard P. Dietrich (PA Bar I.D. #41739)
Diane M. Fleming (PA Bar I.D. #86390)
Valley Green Corporate Center
7111 Valley Green Road
Fort Washington, PA  19034
(215) 836-1100

Attorneys for Defendant,
Steak and Ale of Pennsylvania, Inc.

## CERTIFICATION OF SERVICE

I, Diane M. Fleming, hereby certify that a true and correct copy of the Notice of Removal was served via United States first class mail on the date indicated addressed to the following:

>Michael F. McCartin Esquire
>Murray L. Greenfield & Associates
>9636 Bustleton Avenue
>Philadelphia, PA  19115
>***Attorneys for Plaintiff***

_____
Diane M. Fleming

Date: