## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## PROPOSED POINTS FOR CHARGE OF DEFENDANT,
## STEAK AND ALE OF PENNSYLVANIA, INC.

Defendant, Steak and Ale of Pennsylvania, Inc., by and through its counsel, Daller Greenberg &

Dietrich, LLP, hereby requests that the Court charge the jury as follows:

## EXPLANATION TO JURY PANEL OF VOIR DIRE

1.      As possible jurors, the lawyers will now ask you questions to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. The questions are not intended to see if you are a good or bad person or if you are a good or bad juror. These questions only relate to whether or not you are an appropriate juror for *this* case.

For example, you or a close friend or family member may have been involved in a similar situation, or you may know one of the parties or witnesses. Since you are only human, that fact might make it impossible for you to take the juror's oath that you will decide the case "solely on the testimony presented in court." So in other words, if this is a slip and fall case, and you recently had a very good or bad personal experience involving a similar situation, you may not be impartial, so it may be inappropriate for you to be a juror in this case. Meanwhile, in a case in another courtroom involving something else, you may be an ideal and appropriate juror. Please, therefore, do not take any questions personally.

If any of the questions prompts a very personal response that you do not want to share with the entire courtroom, please let us know and we will be happy to receive it privately here at my bench with counsel and the court reporter.

When you answer a question, please give us your name and juror number first, because it is the court reporter's responsibility to keep an accurate record of this trial, and [he] [she] cannot just type "woman in the orange blazer." So please help us identify who is answering what questions by giving us that information first. Thank you so very much.

- 1 -

Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you.

I now turn the case over to the attorneys. *Pennsylvania Standard Jury Instruction* (Civil) § 1.08

## **DUTY OF JURY**

2.      You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. That is how you will reach your verdict.

As the jury in this case, you and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. My role is to be the judge of the law, that is to say, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions on the facts. You are to judge the facts in this case solely based upon the evidence presented to you. This evidence will consist of the testimony of witnesses, the exhibits marked into evidence, and any material that we read to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  *Pennsylvania Standard Jury Instruction* (Civil) § 1.34.

- 2 -

## <u>BINDING INSTRUCTIONS</u>

3.      Under all the evidence and the law applicable thereto, your verdict must be for Steak and Ale and against plaintiffs.

## GENERAL

4.     Plaintiff in this case is Elyse Unrath.  The defendant is Steak and Ale of Pennsylvania, Inc.  These parties, regardless of whether they are an individual or a business corporation, are entitled to the same fair and impartial consideration and your verdict may not be influenced by sympathy or prejudice.  In passing on the rights of the parties in this case, you are exercising one of the most important duties of citizenship, and, of course, you should perform that duty courageously.  A verdict which is not fair and impartial, but is based upon or influenced by sympathy or prejudice on the part of the jury is contrary to the law and contrary to the oath which you took when you became jurors in this case.

5.    In this case, the defendant is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.  *Modern Federal Jury Instructions (Civil) § 72.01.*

6.     The mere fact that a suit has been initiated does not mean that the plaintiff is entitled to recover against the defendant.

## ISSUES IN THE CASE AND FACTUAL CAUSE

7.    The plaintiff claims that she was injured and sustained damage as a result of the negligent conduct of the defendant. The plaintiff has the burden of proving her claims.

The defendant denies the plaintiff's claims and asserts as an affirmative defense that the plaintiff was herself negligent and that such negligence was a factual cause in bringing about the plaintiff's injuries. The defendant has the burden of proving this affirmative defense.

Based upon the evidence presented at this trial, the only issues for you to decide in accordance with the law as I shall give it to you are:

a.    Did plaintiff assume the risk of falling?  (Requested only to the extent that plaintiff alleges that an uncovered ceramic tile is a dangerous condition).

b.    Was Steak and Ale negligent?

c.    If so, was its negligence a substantial factor in bringing about harm to the plaintiff?

d.    Was Elyse Unrath negligent?

e.    If so, was her negligence a substantial factor in bringing about harm to herself?

f.    Did Elyse Unrath suffer an injury as a result of Steak and Ale's conduct and if so, to what extent?    *Pennsylvania Standard Jury Instruction* (Civil) § 3.00

## BURDEN OF PROOF

8.    In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle her to relief.

The plaintiff has the burden of proof on each of the elements of her case against the defendant, and if she fails to carry that burden by a preponderance of credible evidence as to any one element of this case against the defendant, your verdict must be for the defendant and against the plaintiff.

When a party has the burden of proof on a particular issue, his contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true, than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff, onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for Steak and Ale.  *Pennsylvania Standard Jury Instruction* (Civil) § 5.50.

9.    In this case, there is no burden on the defendant to prove that they exercised reasonable care or to prove that plaintiff was not injured or to prove that any injuries sustained by plaintiff were caused by some means other than the alleged incident.  Rather, the burden is on the plaintiff to persuade you by a preponderance of the evidence that the defendant was negligent, that plaintiff was injured, and that the negligence of the defendant was a substantial factor in bringing about her injuries.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff.  Otherwise your verdict must be for the defendant.

10.    Members of the jury, in cases of this kind, if the scales equally balance between the theory that the defendant was negligent and the theory that the defendant was not negligent, your verdict must be for the defendant.  Likewise, if the scales equally balance between the theory that the negligence of the defendant was a proximate cause of any damages suffered by the plaintiff and the theory that the negligence of the defendant was not a proximate cause of such damages, your verdict must be for the defendant.

      11.     Plaintiff contends that Steak and Ale was negligent.  To prove this, plaintiff must prove by a preponderance of the evidence that the defendant owed the plaintiff a duty and that the defendant breached that duty by failing to exercise reasonable care under all the circumstances.

## **NEGLIGENCE**

12.     The term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise under the circumstances presented.  Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.  In other words, negligence is the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, in light of all those surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful person would act under the circumstances.  *Pennsylvania Standard Jury Instruction (Civil) § 3.01.*

## ORDINARY CARE

13.    Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case.  What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there.  The amount of care required by the law must be in keeping with the degree of danger involved.  *Pennsylvania Standard Jury Instructions (Civil), § 3.02.*

14.     The possessor of land is not the insurer of the safety of those on the premises.  *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 749 (1984).

15.    A possessor of land is not required to take steps to protect a person like the plaintiff from conditions which are open and obvious.  *Carrender v. Fitterer*, 503 Pa. 178, 185, 469 A.2d 120, 123 (1983) (citing *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980)).

16.    A danger is obvious when both the condition and the risk are apparent to, and would be recognized by, a reasonable person, in the position of a person like the plaintiff, exercising normal perception, intelligence, and judgment. *Restatement (Second) of Torts* § 343A, comment b.

17.     If plaintiff fails to prove that the defendant was negligent, then you should find in favor of defendant, even if you find plaintiff has suffered a real injury.  *Sevast v. Lancaster Yellow Cab & Baggage, Inc.*, 413 Pa. 250, 196 A.2d 842 (1964); *Seburn v. Luzern & Carbon County Motor Transit Co.*, 394 Pa. 577, 148 A.2d 534 (1959).

18.      If the plaintiff does not prove by a preponderance of the evidence that the defendant failed to act reasonably under the circumstances when there was a duty to do so, then you should find in favor of defendant, even if you find that the injury occurred as plaintiff described it.  *Rennekamp v. Blair*, 375 Pa. 620, 101 A.2d 669 (1964); *Griffith v. United Airlines*, 416 Pa. 1, 203 A.2d 796 (1964).

## DUTY OF CARE

19.    An owner/occupier of land is required to use reasonable care in the maintenance and use of the land, and to protect invitees from foreseeable harm. An owner/occupier of land is also required to inspect the premises and to discover dangerous conditions.

Under this standard, Steak and Ale is subject to liability only if it:

(a)    Knew or by exercise of reasonable care would have discovered the condition, and should have realized that it involved an unreasonable risk of harm to plaintiff, and

(b)    Should have expected that plaintiff would not discover or realize the danger or would fail to protect herself against it, and

(c)    Failed to exercise reasonable care to protect plaintiff against the danger.

*Pennsylvania Standard Jury Instructions*, (Civil) § 7.02A (revised).  *Restatement (Second) of Torts*, Sec. 343, *cited in Banks v. Trustees of University of Pennsylvania*, 666 A.2d 329 (Pa. Super. 1995); *Carrender v. Fitterer*, 469 A.2d 120 (1983).

- 19 -

20.    Steak and Ale cannot be found liable for plaintiff's injuries if it was reasonable for Steak

and Ale to believe that the allegedly dangerous condition would have been obvious to and

discovered by plaintiff.  *Carrender v. Fitterer*, 503 Pa. 178, 185, 469 A.2d 120, 123 (1983),

*citing Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100

(1980).

21.    Plaintiff in this case contends that Steak and Ale knew or should have known of the offending condition which caused plaintiff to fall.  Therefore, if you find that defendant did know of the alleged liquid on the floor for a sufficient period of time prior to plaintiff's slip and fall such that a reasonable person would have done something to correct the condition, then you should find the defendant negligent.  On the other hand, if you find that the defendant did not know of the alleged wet floor for a sufficient period of time prior to plaintiff's slip and fall, then you should find in favor of the defendant.

22.    The mere existence of a wet floor in a public place of business is not in and of itself evidence of a breach of the store owner's duty of care to his customers, nor does it raise any presumption of negligence. *Moultrey v. The Great Atlantic & Pacific Tea Company*, 281 Pa. Super. 525, 422 A.2d 593, 596 (1981).

23.    Under the law, a defendant is not the insurer of the safety of his business visitors and owes them no duty other than to correct unsafe conditions discoverable through the exercise of reasonable care and diligence.  Plaintiffs must prove defendants either created the offending condition which caused plaintiffs to fall or that defendants had actual or constructive knowledge of the offending condition.  *Martino v. The Great Atlantic & Pacific Tea Company*, 419 Pa. 229, 233, 213 A.2d 608, 610 (1965); Restatement (Second) of Torts, § 343.

24.    Steak & Ale claims it was reasonably careful under the circumstances and that it took all reasonable and necessary precautions to prevent injuries of the type which plaintiff claims he suffered.  If you are satisfied that defendant acted reasonably under the circumstances and took reasonable precautions to prevent injury of this type, then you should find in favor of defendant, even if you find that the injury occurred as plaintiff described it.  *Rennekamp v. Blair*, 375 Pa. 620, 101 A.2d 669 (1964); *Griffith v. United Airlines*, 416 Pa. 1, 203 A.2d 796 (1964).

25.    The law requires a person to look where he or she is going and to see that which is obvious.  *Villano v. Securities Savings Association*, 268 Pa. Super. 67, 407 A.2d 440 (1979).

26.    If you hesitate or if you are doubtful as to whether your verdict should be in favor of plaintiffs, then plaintiffs have failed to satisfy you by a fair preponderance of the evidence that their contentions are correct, and you should therefore find in favor of defendants.

## PROXIMATE CAUSE

27.    It is settled in the law that the mere occurrence of an injury does not prove negligence and that a negligent act does not necessarily trigger liability.  Rather, even when it is established that a defendant breached some duty of care owed a plaintiff, the plaintiff must prove a causal connection between defendant's conduct and plaintiff's alleged damages.  Stated another way, defendant's conduct must be shown to have been the proximate cause of plaintiff's injury.  *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978).

28.    The happening of an accident is not evidence of negligence or any liability on the part of the defendant.  To recover, the plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent and that the negligence of the defendant was the proximate cause of the plaintiff's damages.  *Martino v. Great Atlantic & Pacific Tea Co.*, 419 Pa. 229, 233, 213 A.2d 608, 609-10 (1965).

29.    Proximate cause is defined as a substantial factor in the natural and continuous sequence of events which produces an injury.  If the injury would have occurred regardless of the defendant's conduct, then the conduct is not the proximate cause of the injury. If the natural and continuous sequence of events set in motion by the defendant's conduct  is broken by an intervening cause, the defendant's conduct is not the proximate cause of the injury. *See Whitner v. Von Hintz*, 437 Pa. 448, 263 A.2d 89 (1970); *Menarde v. Philadelphia Transp. Co.*, 376 Pa. 497, 103 A.2d 681 (1954).

## COMPARATIVE NEGLIGENCE

30.    If you find that the defendant was negligent and that this negligence was a substantial factor in bringing about plaintiff's harm, you must then consider whether plaintiff herself was negligent.  Defendant has asserted as a defense that the plaintiff, Elyse Unrath, was negligent and that her negligence was a substantial factor in bringing about her injuries. Therefore, you must determine whether plaintiff exercised such care as was reasonable under the circumstances.

If you find that plaintiff was negligent and that her negligence was a substantial factor in bringing about plaintiff's harm, then you must apply the Comparative Negligence Act. Under this Act, if you find that the causal negligence of plaintiff was greater than any conduct of defendant, in causing the accident, then plaintiff is barred from recovery and you need not consider what damages should be awarded.  If you find that the causal negligence of plaintiff was equal to or less than the causal negligence of defendant, then you must set forth the percentage of causal negligence attributable to plaintiff and to defendant.  The total of those percentages must be 100%.  *Pennsylvania Standard Jury Instruction* (Civil) § 3.03A

4

## ASSUMPTION OF RISK

31.     The defendant claims that the plaintiff assumed the risk of injury and the defendant has the burden of proving this was so. The elements of assumption of the risk are that the plaintiff fully understood the specific danger that caused her injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger.

This is a subjective test. The question is not whether a reasonable person in the plaintiff's position would have understood the risk, but whether the plaintiff herself actually did.

The plaintiff's knowledge and understanding of the specific danger may be proven by circumstantial evidence. Direct evidence is not required. *Pennsylvania Standard Jury Instruction* (Civil) § 3.04 (revised).

5

32.    A person who intelligently encounters a known danger before her injury abandons her right to complain.  *See Fish v. Gosnell*, 316 Pa. Super. 565, 578, 463 A.2d 1042, 1049 (1983).

33.    If you find that the plaintiff fully understood the specific risk here, voluntarily chose to encounter that risk , and, under the circumstances, manifested a willingness to accept the risk, you must find that plaintiff assumed the risk of harm.  *Fish*, 316 Pa. Super at 577-78, 463 A.2d at 1048-49.

## EVIDENCE

34.     You will decide what the facts are from the evidence which was presented here in court.  That evidence consists of testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the parties agree or which you are instructed to accept.

35.    There are two kinds of evidence: direct and circumstantial.  Direct evidence is testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can infer another fact.  You may consider both direct and circumstantial evidence in deciding this case.  The amount of weight to be given to any piece of evidence is for you to decide regardless of whether the evidence is direct or circumstantial.

## NUMBER OF WITNESSES

36.    The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors that you should consider. Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested persons, are among the important factors that indicate the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance. *Pennsylvania Standard Jury Instruction* (Civil) § 5.03

## CREDIBILITY OF WITNESSES - GENERAL

37.     In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.  In deciding what to believe, you may consider the witness's ability to know the things to which the witness has testified, the quality of the witness's memory, the witness's manner while testifying, whether the witness's testimony is contradicted by anything the witness said before trial, whether the witness has an interest, either financial or emotional, in the outcome of the case, and how reasonable the witness's testimony is when viewed in light of other evidence presented and your real-life experiences.

38.     In deciding which of the several witnesses to believe, you certainly can and should consider whether or not the testimony of each witness is supported by other evidence in the case.

39.     If different witnesses to the same occurrence give different details and different descriptions, you must bear in mind that some people have better powers of observation, more accurate powers of expression, better memories, and perhaps conscious or even subconscious motivations that color their testimony.

40.    You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe. *Pennsylvania Standard Jury Instruction* (Civil) § 5.04.

41.    If you decide that a witness has deliberately falsified his or her testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his or her testimony; and you may refuse to believe the rest of his or her testimony, but you are not required to do so.  *Pennsylvania Standard Jury Instructions (Civil) §5.05.*

42.    The evidence which you have heard that a witness made an earlier statement inconsistent with his testimony at this trial has been admitted solely to aid you in evaluating the credibility of that witness.  Such evidence may be considered by you only to assist you in deciding the believability of that witness and the weight, if any, that his testimony is fairly entitled to receive.  It cannot be considered as evidence of the truth of the contents of the statement bearing upon the facts in issue.  *Pennsylvania Standard Jury Instruction* (Civil) § 2.20.

## EXPERT WITNESSES

43.     You have heard testimony from persons described as experts.  They are persons who, by their education, background and experience, have become experts in some field and they, therefore, are allowed to state their opinions on matters in that field and also may state the reasons why they hold an opinion.  Expert opinion testimony should be judged just like any other testimony.  You may accept or reject it and may give it weight by considering the expert's experience, education, and background and the reasons he/she provides for an opinion.

44.    In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or come from his or her personal knowledge, from some other proper source, or from some combination of these.  *Pennsylvania Standard Jury Instructions (Civil) §5.31.*

45.     In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which each opinion is based.  *Pennsylvania Standard Jury Instructions (Civil) §5.33.*

- 19 -

## DEPOSITION TESTIMONY

46.    The sworn testimony of Dr. John Taras and Dr. David Bozentka, taken by videotape prior to this trial, will be presented to you. The testimony of a witness who for some proper reason cannot be present to testify in person, may be presented in this form. Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. The use of videotape permits you to see and hear the witness as he appeared and testified under questioning by counsel. This form of testimony is entitled to neither more nor less consideration by the jury because of the manner of its submission.  *Pennsylvania Standard Jury Instruction* (Civil) § 2.05.

47.    In personal injury actions such as this, it is generally acknowledged that the complexities of the human body place into question the cause of pain or injury beyond the knowledge of the average lay person.  For plaintiff to make out her cause of action in such a case, therefore, the law requires that expert medical testimony be employed.  Such testimony is needed to establish that each injury in question did, within a reasonable degree of medical certainty, stem from the negligent act alleged.  The issue is not merely one of semantics.  There is a logical reason for the rule.  The opinion of a medical expert is evidence.  If you choose to believe it, you can find as a fact what the expert gave as an opinion.  For you to award damages for a particular condition claimed by plaintiff, you must find as a fact that the condition was legally caused by defendant's conduct.  Perhaps in the world of medicine, nothing is absolutely certain.  Nevertheless, doctors must make decisions in their own profession every day based on their own expert opinions.  Physicians must understand that it is the intent of our law that if the plaintiff's medical expert cannot form an opinion with sufficient certainty as to make a medical judgment, there is nothing on the record with which a jury can make a decision with sufficient certainty so as to make a legal judgment.  *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280, 1285-86 (1978).

## **DAMAGES**

48.    Damages are never presumed; they must be proven by competent evidence. *Maxwell v. Schaefer*, 381 Pa. 13, 112 A.2d 69 (1955). The burden is on the plaintiff to prove, by legally sufficient evidence, those damages which she claims are attributable, in the medical sense, to the negligence of the defendant and not to some independent cause. *Mudano v. Philadelphia Rapid Transit Co.*, 289 Pa. 51, 137 A.2d 104 (1927).

- 22 -

49.    The fact that I am providing you instructions regarding damages should not be interpreted by you as an indication that you will or should find liability.

50.    Any damages to be awarded to the plaintiff must be based on evidence estimating such damage with reasonable certainty and cannot be based on mere conjecture or speculation.  *Lorch v. Elgin*, 369 Pa. 314, 85 A.2d 841 (1952).

51.     Damages for pain and suffering should not be awarded on the basis of sympathy, benevolence, or sentimentality, but should be limited to reasonable compensation for the injuries caused.

## MITIGATION OF DAMAGES

52.    An injured party is under a legal obligation to mitigate her damages, that is, to minimize her injuries by undergoing medical treatment and therapy, including home exercises, that an ordinarily prudent person would have submitted to under the circumstances in an effort to better her condition, and to minimize the economic loss resulting from her injury by resuming gainful employment as soon as such time that she can reasonably do so.  The defendant has the burden of proving plaintiff's failure to mitigate damages by a fair preponderance of the credible evidence.  The failure of an injured party to make a reasonable effort to minimize her damages precludes recovery for damages and losses which could have been avoided had a reasonable effort to lessen the damages been made.

*Yost v. Union R. Co.*, 551 A.2d 317 (Pa. Super. 1988) (duty to mitigate medical damages) (citing Restatement (Second) of Torts § 918(1) (1979)); *Coates v. Allegheny Steel Company*, 234 Pa. 199, 83 A. 77 (1912) (duty to mitigate economic damages); *see also Savitz v. Gallaccio et al.*, 179 Pa. Super. 589, 118 A.2d 282 (1955); *Borough of Yeadon v. Montgomery*, 72 Pa. Commw. 31, 455 A.2d 785 (1983).

- 26 -

26

## ADMISSIONS

53.    The admissions of fact made by the plaintiff in previous testimony under oath has been offered by the defendant and received into evidence.  The plaintiff is bound by these admissions.  *Pennsylvania Standard Jury Instructions*, (Civil) § 2.10.

54.     If you award damages to plaintiff, you may not base your award on a strictly
mathematical calculation, but you must take into account plaintiff's prior state of health and
personal habits in determining her past and future losses.  *Thirkell v. Equitable Gas Company*,
307 Pa. 377, 161 A.2d 313 (1932).

55.    Defendant reserves the right to submit other proposed points for charge as they become appropriate and necessary during the course of trial.

Respectfully submitted
DALLER GREENBERG & DIETRICH, LLP

By: _____

Gerhard P. Dietrich
Eight Tower Bridge
161 Washington Street, Suite 900
Conshohocken, PA  19428
(215) 836 - 1100

Attorneys for Steak and Ale of
Pennsylvania, Inc.

- 29 -