UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of Defendant, Steak and Ale of Pennsylvania, Inc.'s Motion *In Limine* to Preclude Certain Testimony, and any Response thereto, it is hereby ORDERED and DECREED that defendant's motion is GRANTED and plaintiff is precluded from presenting any lay witness testimony as to the overall condition of the floors.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT, STEAK AND ALE OF PENNSYLVANIA, INC.'S
<u>MOTION *IN LIMINE* TO PRECLUDE LAY OPINION TESTIMONY</u>**

Defendant, Steak and Ale of Pennsylvania, Inc. ("Steak and Ale"), by its attorneys, Daller Greenberg & Dietrich, LLP, moves for an order precluding the admission of certain lay opinion testimony, and in support thereof, avers as follows:

1. Plaintiff alleges serious personal injuries arising out of a slip and fall accident inside a Bennigan's Grill & Tavern on May 15, 2000, which was operated by Steak and Ale.

2. Plaintiff alleges Steak and Ale was negligent because the area where she fell was wet at the time of her fall.

3. Plaintiff also alleges that the area where she fell was normally covered with a floor mat and that no floor mat was present at the time of her fall.

4. Steak and Ale anticipates that plaintiff may seek to elicit testimony from lay witnesses that the overall condition of the flooring surface in the Bennigan's was "slippery" and that, regardless of whether or not the floor was wet, Steak and Ale was negligent for failing to have a floor mat.

1

5.	Because specialized knowledge is required to testify as to the general condition of a flooring surface, such lay witness testimony must be excluded pursuant to Federal Rule of Evidence 701.

WHEREFORE, defendant, Steak and Ale of Pennsylvania, Inc. requests that the Court enter an order in the form attached hereto excluding any lay witness testimony regarding the general conditions of the flooring surface in the Bennigan's.

DALLER GREENBERG & DIETRICH, LLP


By:_____
Gerhard P. Dietrich
Eight Tower Bridge
161 Washington Street, Suite 900
Conshohocken, PA  19428
(215) 836-1100

Attorneys for Defendant,
Steak and Ale of Pennsylvania, Inc.

Dated: _____

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT, STEAK AND ALE OF PENNSYLVANIA, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE CERTAIN LAY OPINION TESTIMONY**

**I.   INTRODUCTION**

Defendant, Steak and Ale of Pennsylvania, Inc. "("Steak and Ale") anticipates that plaintiff may seek to introduce testimony that the ceramic floor surface within the Bennigan's Grill & Tavern was "slippery" regardless of whether or not the floor was wet, and that Steak and Ale was negligent simply because no floor mat was present in the area where plaintiff fell. Stated another way, plaintiff may seek to prove that the dangerous condition was not the alleged liquid on which she claims to have slipped, but rather the ceramic tile floor itself. Moreover, plaintiff may seek to prove this by offering lay witness opinions as to the "slipperiness" of the floor.

**II.   ARGUMENT**

    **A.   TESTIMONY AS TO WHETHER A FLOORING SURFACE ALONE
        CONSTITUTES A DANGEROUS CONDITION FOR WHICH A LANDOWNER
        MAY BE LIABLE IN NEGLIGENCE REQUIRES EXPERT KNOWLEDGE**

A lay witnesses may testify in the form of an opinion so long as that opinion is:

(a) rationally based on the witness' perception; (b) helpful to a clear understanding of the

witness' testimony or the determination of a fact in issue; and (c) not based on scientific,

technical, or other specialized knowledge within the scope of Federal Rule of Evidence

3

702.[1] Although a lay witness may properly opine that a floor was "slippery" because it was wet, a lay witness may not opine as to whether or not a particular floor surface is dangerous in and of itself, regardless of whether the floor is wet or not.[2] Such is the case because that determination requires scientific, technical, and other specialized knowledge.[3]

Here, plaintiff may seek to offer testimony that the ceramic tile flooring at the Bennigan's was a dangerous condition in and of itself. Plaintiff has not, however, commissioned an expert witness to conduct scientific studies as to the coefficient of friction of the Bennigan's flooring surface. Because the federal courts have consistently admitted expert testimony on this issue, it is clear that such testimony must be based on

---

[1] FED. R. EVID. 701.
[2] *See Buscaglia v. United States*, 25 F.3d 530, 532-33 (7th Cir. 1994) (recognizing that the average person comprehends that floor surfaces become more slippery wet than dry; however, admitting expert testimony as to fact that flooring surface at issue became more slippery than other flooring surfaces and did not meet applicable standards).
[3] *See Borgognone v. Trump Plaza*, 2000 WL 341135, *5, n.2 (E.D.N.Y. 2000) ("[a]lthough it may, with reason, be doubted whether a jury requires expert assistance to determine that a tile floor may become slippery when wet, an expert could conceivably help a jury understand the way different materials have different friction coefficients, and in doing so, help a jury evaluate whether flooring made of a particular material is more "slippery" than flooring made of another material"); *Duplaisir v. Warren Properties, Inc.*, 1998 WL 373402 (E.D.La. 1998) (admitting expert testimony as to coefficient of friction of elevator flooring).

scientific, technical, or other specialized knowledge within the scope of Rule 702 and, therefore, a lay witness may not offer an opinion to the effect that a flooring surface, whether wet or not, is slippery such that it constitutes a dangerous condition.[4]

WHEREFORE, defendant Steak and Ale of Pennsylvania, Inc. requests that the Court enter an order in the form attached hereto precluding certain lay witness testimony.

DALLER GREENBERG & DIETRICH, LLP

By:_____
Gerhard P. Dietrich
Eight Tower Bridge
161 Washington Street, Suite 900
Conshohocken, PA  19428
(215) 836-1100

Attorneys for Defendant,
Steak and Ale of Pennsylvania, Inc.

Dated _____

---

[4] *Id*.

## **CERTIFICATE OF SERVICE**

I, Gerhard P. Dietrich, Esquire, hereby certify that a true and correct copy of the foregoing Motion *in Limine* of Defendant Steak and Ale of Pennsylvania, Inc. was served by first-class United States mail, postage prepaid, as follows:

>Michael F. McCartin, Esquire
>Murray L. Greenfield & Associates
>9636 Bustleton Avenue
>Philadelphia, PA  19115

>_____
>Gerhard P. Dietrich

Date:  _____