UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this          day of                          , 2003, upon consideration of Defendant, Steak and Ale of Pennsylvania, Inc.'s Motion *In Limine*, and any Response thereto, it is hereby ORDERED and DECREED that defendant's motion is GRANTED and plaintiff is precluded from presenting any evidence of purported statements made by an unidentified Steak and Ale employee.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT, STEAK AND ALE OF PENNSYLVANIA, INC.'S**
<u>MOTION *IN LIMINE* TO PRECLUDE CERTAIN EVIDENCE AS HEARSAY</u>

    Defendant, Steak and Ale of Pennsylvania, Inc. ("Steak and Ale"), by its attorneys, Daller Greenberg & Dietrich, LLP, moves for an order precluding the admission of certain evidence related to purported out of court statements, and in support thereof, avers as follows:

    1.    Plaintiff alleges serious personal injuries arising out of a slip and fall accident inside a Bennigan's Grill & Tavern on May 15, 2000, which was operated by Steak and Ale.

    2.    Plaintiff alleges Steak and Ale was negligent because the area where she fell was wet and because the area was normally covered with a floor mat but no such mat was present at the time of her fall.

    3.    In support of this claim, it is anticipated that plaintiff will introduce evidence of three separate statements allegedly made by an unidentified Bennigan's waitress.

    4.    Steak and Ale provided plaintiff with a list of each and every female employee on duty in the front of the house at the Bennigan's during the time of plaintiff's accident.

    5.    Plaintiff, however, has failed to identify the individual who made the purported statements or provide a physical description sufficient to allow defendant to identify the waitress.

6. Under the Federal Rules of Evidence, these purported out of court statements, and any evidence concerning such statements, must be excluded as hearsay.

WHEREFORE, defendant, Steak and Ale of Pennsylvania, Inc. requests that the Court enter an order in the form attached hereto excluding any evidence regarding the statements purportedly made by the unidentified waitress.

DALLER GREENBERG & DIETRICH, LLP


By:_____
    Gerhard P. Dietrich
    Eight Tower Bridge
    161 Washington Street, Suite 900
    Conshohocken, PA 19428
    (215) 836-1100

    Attorneys for Defendant,
    Steak and Ale of Pennsylvania, Inc.

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT, STEAK AND ALE OF PENNSYLVANIA, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EVIDENCE AS HEARSAY**

**I.  INTRODUCTION**

Defendant, Steak and Ale of Pennsylvania, Inc. "("Steak and Ale") anticipates that plaintiff will seek to introduce testimony regarding statements allegedly made by a waitress of the Bennigan's Grill & Tavern to the effect that: (1) a floor mat had been moved from the area where plaintiff fell; (2) the floor in the Bennigan's was "slippery;" and (3) people had complained about the floor being slippery in the past.  Specifically, at her deposition, plaintiff testified that a Bennigan's waitress told her that "they took away the mat."[1]  At the deposition of plaintiff's son, Patrick Unrath, Mr. Unrath testified that he overhead a waitress say that "people complained [the floor] was slippery."[2]  Finally, Craig Glickman, plaintiff's boyfriend at the time of the accident, testified at his deposition that a waitress said "that floor is slippery, people have fallen, people have

---

[1] *See* Deposition Transcript of plaintiff at 51, attached hereto as Exhibit "A."
[2] *See* Deposition Transcript of Patrick Unrath at 23-25, attached hereto as Exhibit "B."

complained in the past that it's a slippery floor."[3]  Neither plaintiff, her son, nor her ex-boyfriend have been able to recall the name of this alleged waitress.  Plaintiff was only able to describe the waitress as young with brownish hair, short, and white.[4]  Patrick Unrath simply described this person as a short, young waitress, approximately twenty years old, with brown hair.[5]  Craig Glickman described this person as white with brown hair.[6]

In an effort to assist plaintiff in identifying this waitress, Steak and Ale provided plaintiff with the names of all the waitresses on duty at the time of plaintiff's accident.  Those waitresses were Lauren Ingalls, Erin Ryan, Danielle Kroungold, Lindsay Burger, Elise Hatfield, Constance Morris, Jen Molton, and Amy Demyan.  With the exception of Amy Demyan each of these individuals was contacted by defendant and provided with a photograph of plaintiff and a copy of the Guest Incident Report completed after plaintiff's accident.  Written statements which stated, in part, "I have no recollection of this incident and do not recognize Ms. Unrath," were signed by Erin Ryan, Danielle Kroungold, Lindsay Burger, Elise Hatfield, Constance Morris, and Jen Molton.[7]

Furthermore, plaintiff deposed Lauren Ingalls, as well as Thomas Fralin and Eric Blanchard, each of whom was a Bennigan's employee at the time of the accident.  Finally, Amy Demyan's last known address was provided to counsel for plaintiff by letter dated October 24, 2002.[8]  However, the waitress who allegedly made the statements still remains unidentified.  Because the statements allegedly made by this unidentified waitress are hearsay, the statements should be excluded.

## II.    ARGUMENT

### A.    EACH OF THE PURPORTED STATEMENTS IS HEARSAY UNDER THE FEDERAL RULES OF EVIDENCE

---

[3] *See* Deposition Transcript of Craig Glickman at 24, attached hereto as Exhibit "C."
[4] *See* Deposition Transcript of plaintiff at 50, 66, attached hereto as Exhibit "A."
[5] *See* Deposition Transcript of Patrick Unrath at 15-17, attached hereto as Exhibit "B."
[6] *See* Deposition Transcript of Craig Glickman at 24-25, attached hereto as Exhibit "C."
[7] True and correct copies of such statements are attached hereto as Exhibit "D."
[8] A true and correct copy of this letter is attached hereto as Exhibit "E."

4

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[9] In the instant case, plaintiff will seek to introduce the alleged out of court statements of an unidentified waitress to prove that: (1) Steak and Ale was negligent in not having a mat on the floor; (2) the floor was slippery; and (3) Steak and Ale was on notice that the floor was slippery. These statements have nothing to do with the spill that plaintiff claims caused her to slip and fall. Rather, these statements appear to go to the notion that whether wet or not, the floor was slippery.

Clearly, these statements will be offered to prove the truth of the matter asserted. That is, plaintiff will offer these statements to prove that there was no mat on the floor, that the mat had been removed, and that the floor was slippery. Furthermore, it is obvious that plaintiff has no colorable argument that such statements will be offered merely to show their effect on the hearer as the statements were allegedly made *after* the plaintiff's accident, and there is no evidence to suggest that such statements had any effect on the plaintiff's actions prior to the accident. As such, these statements are clearly

---

[9] FED. R. EVID. 801(c).

5

hearsay and must be excluded because they are not admissions of a party opponent and do not fit into any of the exceptions to the hearsay rule.

### 1. THESE STATEMENTS DO NOT QUALIFY AS ADMISSIONS BY A PARTY OPPONENT

At first blush, plaintiff must overcome a much higher hurdle for admissibility of the proffered statements because "declarations of unidentified persons are rarely admitted."[10] While it is true that statements by unidentified declarants are not, in all cases, inadmissible under the Federal Rules of Evidence, it is equally true that when a declarant is unidentified, the party seeking to introduce the declarant's statement carries a heavier burden to demonstrate the trustworthiness of the statement.[11] Furthermore, an even heavier burden should be placed on this plaintiff by the court because plaintiff has no reasonable justification for her failure to identify the alleged waitress. To that end, Steak and Ale made all reasonable efforts to assist plaintiff in identifying the waitress who made the alleged statements. Moreover, plaintiff conducted the depositions of three individuals who were employed by Steak and Ale on the date of plaintiff's accident, Lauren Ingalls, Thomas Fralin, and Eric Blanchard. However, the waitress was never identified. Thus, at the outset, this court should consider the evidence plaintiff seeks to offer as highly suspect and unreliable.

Steak and Ale anticipates that plaintiff will argue that the statements allegedly made by the unidentified waitress are non-hearsay admissions by a party opponent. In

---

[10] *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1003 (3d Cir. 1988).
[11] *Miller v. Keating*, 754 F.2d 507, 510 (3d Cir. 1985).

6

the alternative, plaintiff is likely to assert that these statements qualify as a present sense impression and/or excited utterance.

Rule 801(d) defines admissions by a party opponent as statements which are not hearsay.[12] Plaintiff is most likely to claim that the alleged statements fall within either 801(d)(2)(C) or 801(d)(2)(D), as statements by a person authorized to make a statement concerning the subject or as statements by an agent concerning a matter within the scope of the declarant's agency, respectively. Rule 801(d)(2)(C) provides that a statement is not hearsay if it is offered against a party and is "a statement by a person authorized by the party to make a statement concerning the subject."[13]

Rule 801(d)(2)(C) has typically been interpreted to apply to statements made by a party's "speaking agent," such as their attorney, official spokesperson, or managerial level employees.[14] In the instant case, there is no evidence that waitresses employed by Bennigan's are authorized speaking agents of Steak and Ale as to matters concerning accidents involving guests and the cause of such accidents and, therefore, the statements alleged to have been made by the Bennigan's waitress do not qualify as party admissions under Rule 801(d)(2)(C).

Next, Rule 801(d)(2)(D) provides that a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."[15] In the instant case, the statements were allegedly made by a waitress

---

[12] FED. R. EVID. 801(d).
[13] FED. R. EVID. 801(d)(2)(C).
[14] *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 2003 WL 21032005, * 8 (S.D.N.Y. 2003); *Sabel v. Mead Johnson*, 737 F.Supp. 135, 139 (D. Mass. 1990).
[15] FED. R. EVID. 801(d)(2)(D).

7

employed by Bennigan's. Although it is clear that an on-duty waitress qualifies as an agent or servant, the issue is whether such statements made by a waitress are within the waitress's scope of agency or employment, as an employer is not vicariously responsible for each statement made by its employees.[16]

In *Wilkinson v. Carnival Cruise Lines, Inc.*, a passenger sued a cruise line for injuries sustained by a sliding glass door.[17] Under Rule 801(d)(2)(D), the plaintiff sought to introduce a statement made by a cabin steward regarding prior problems with the door.[18] The defendant argued, and the court agreed, that the statement was inadmissible because the subject matter was not within the scope of the steward's agency or employment.[19] In so holding, the court stated that "the inquiry [for Rule 801(d)(2)(D)] is whether [the employee] was authorized to act for his principal … concerning the matter about which [the employee] allegedly spoke."[20]

In determining that the steward did not speak about a matter within his scope of agency or employment, the court looked to the steward's specific job duties.[21] The court found that dealing with sliding glass doors was beyond the steward's job duties, which were limited to cleaning rooms in the passenger area of the ship and did not involve any tasks in the part of the ship where the subject door was located.[22]

Here, as in *Wilkinson*, the relevant inquiry is what the specific job duties of a Bennigan's waitress include. That is, whether a Bennigan's waitress is responsible for moving mats, inspecting floors, and determining the "slipperiness" of floors.[23]

---

[16] *Loncosky v. Wal-Mart Stores, Inc.*, 1997 WL 732465 at *3 (E.D.Pa. 1997).
[17] 920 F.2d 1560 (11th Cir. 1991).
[18] *Id*.
[19] *Id* at 1565.
[20] *Id* at 1566; *Loncosky*, 1997 WL 732465 at *3.
[21] *Id*.
[22] *Id*.
[23] It is important to distinguish between an allegation that the floor itself is slippery and an allegation that a wet floor is slippery.

8

Eric Blanchard, the general manager of the Bennigan's at the time of the accident, testified at his deposition that he decided where the mats were to be located.[24] It was the responsibility of an outside cleaning service to place the mats each morning after they cleaned the floors.[25] Furthermore, the mats were replaced once per week by an outside linen company.[26] Thus, it is clear from all available evidence that the job duties of a Bennigan's waitress do not, and did not at the time of the accident, include determining the overall condition of the floors in the restaurant, performing safety inspections of the floors, or placing floor mats.[27] Furthermore, Bennigan's waitresses do not and did not at the time of the accident have any role in selecting the type of flooring surface, measuring the coefficient of friction of the surface to determine if the floor met applicable industry standards, or selecting the cleaning materials used by outside vendors hired to clean the floors of the restaurant.

Therefore, as in *Wilkinson*, the purported statements concern matters beyond the scope of the waitress's agency and employment and are not admissible as admissions of a party opponent under Rule 801(d)(2)(D).[28] Note, however, that the statements presented in the instant case stand in contrast to a situation where a Bennigan's waitress has knowledge of a condition involving a particular spill. There, a statement by the waitress regarding the condition caused by the spill may be within the waitress's scope of agency or employment and, therefore, admissible as an admission of a party opponent.[29] Such may be the case because, as revealed from the evidence presented in this case, Bennigan's waitresses are and were responsible for looking for spills and assisting in cleaning specific spills of which they are aware.

---

[24] *See* Deposition Transcript of Eric Blanchard at 23, attached hereto as Exhibit "F."
[25] *See id* at 31-32.
[26] *See id* at 25-27.
[27] Again, there is a distinction between a waitress' duty to look for spills and spot clean the floors as necessary and an inspection of the floor itself.
[28] *Wilkinson*, 920 F.2d 1560.
[29] *See Loncosky*, 1997 WL 732465 at *3.

9

However, the purported statements in the instant matter deal with the condition of the floor in general and not a specific spill which a Bennigan's waitress would have a duty to report or clean. Moreover, the statements do not appear to have been specific to the night of the accident but, rather, were general statements as to the overall condition of the floor. For instance, Elyse Unrath claims that the waitress said "they took away the mat." However, Elyse Unrath does not allege that the mat was taken away on the night of her accident. Also, there is no indication as to whom "they" refers.[30] Moreover, Patrick Unrath claims he heard the waitress say that "people complained [the floor] was slippery." However, there is no indication that such complaints were made on that particular night. In fact, Patrick Unrath admitted at deposition that the unidentified waitress did not say that people had complained about the floor on the night of plaintiff's accident.[31] Finally, Craig Glickman claims he heard the waitress say that "people have complained in the past that it's a slippery floor." Again, there is no indication that such complaints were made on the day of plaintiff's accident. Therefore, because the statements were not made about a specific spill, something that would fall within the job duties of a Bennigan's waitress, the statements cannot be admissible as admissions of a party opponent under Rule 801(d)(2)(D).

    2.   THESE STATEMENTS DO NOT FIT INTO ANY OF THE EXCEPTIONS TO THE HEARSAY RULE

Steak and Ale anticipates that plaintiff will seek to admit the purported statements as either present sense impressions or excited utterances. Under Rule 803(1), an out of court statement is admissible as a present sense impression if it is "a statement describing

---

[30] "They" could refer to a customer or independent contractor who moved the mat and does not necessarily refer to employees of Steak and Ale.
[31] *See* Deposition Transcript of Patrick Unrath at 25, attached hereto as Exhibit "B."

or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."[32]  "Three principal requirements must be met before hearsay evidence may be admitted as a present sense impression: (1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous."[33]

Here, there is no evidence to even suggest that the unidentified waitress actually witnessed the floor mat being taken away.  To that end, plaintiff claims the waitress merely told her "they took away the mat."  Plaintiff does not allege, however, that the waitress indicated that she witnessed the mat being moved.  Assuming, *arguendo*, that this statement was made at all, it is entirely possible that the waitress did not actually

---

[32] FED. R. EVID. 803(1).
[33] *Billebault v. Dibattiste*, 1999 WL 191648 at *7 (E.D. Pa. 1999) (citing *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998)).

11

witness the event. As such, the waitress did not personally perceive the event and any statements allegedly made by this waitress regarding the floor mat cannot qualify as present sense impressions as the waitress did not personally perceive the event described.

Furthermore, it is without question that the statements purportedly overhead by Patrick Unrath and by Craig Glickman cannot fall within this exception as neither Mr. Unrath nor Mr. Glickman was present at the Bennigan's at the time of plaintiff's accident. Rather, at some point in time after plaintiff's accident, Messrs. Unrath and Glickman were contacted at their respective homes via telephone and asked to come to the restaurant. Each then traveled by car to the restaurant. Thus, the statements they allegedly overheard were not contemporaneous with the accident and, therefore, cannot qualify as present sense impressions.

Finally, the alleged statements cannot qualify as excited utterances under Rule 803(2), which provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible as an exception to the hearsay rule.[34] "The requirements for a hearsay statement to constitute an excited utterance are: (1) a startling occasion; (2) a statement relating to the circumstances of the startling occasion; (3) a declarant who appears to have had opportunity to observe personally the events; and (4) a statement made before there has been time to reflect and fabricate."[35] Like Rule 803(1), Rule 803(2) requires that the declarant personally perceive the event or condition about which the statement is made.[36] Thus, because there is no evidence that the alleged waitress actually witnessed the mat being moved or actually overheard complaints about the floor, the statements made by this waitress cannot qualify as excited utterances.[37]

---

[34] FED. R. EVID. 803(1).
[35] *United States v. Mitchell,* 145 F.3d 572, 576 (3rd Cir. 1998).
[36] *Id.*
[37] It is important to note that the additional problem of hearsay within hearsay is presented by the statements Messrs. Unrath and Glickman claim to have overheard. To that end, they allege that the waitress made statements concerning what other unidentified individuals had said about the floor in the past.

      Furthermore, these alleged statements cannot qualify as excited utterances because there is no evidence that the waitress was under the stress of excitement caused by a startling event or condition.  To that end, plaintiff fell and suffered a broken arm.  Although this was clearly a startling event for plaintiff, this accident cannot qualify as a startling event as to the waitress unless the waitress actually witnessed the fall.[38]  However, there is no evidence that the waitress actually saw plaintiff fall.  As such, any statements made by the waitress cannot qualify as excited utterances because, as to the waitress, there was no startling event.  Finally, the waitress certainly had time to reflect between the time of the fall and the arrival of Craig Glickman and Patrick Unrath at the restaurant.

      WHEREFORE, defendant Steak and Ale of Pennsylvania, Inc. requests that the Court enter an order in the form attached hereto precluding certain testimony.

                            DALLER GREENBERG & DIETRICH, LLP

                            By:_____
                                Gerhard P. Dietrich
                                Eight Tower Bridge
                                161 Washington Street, Suite 900
                                Conshohocken, PA  19428
                                (215) 836-1100
                                Attorneys for Defendant,
                                Steak and Ale of Pennsylvania, Inc.

Dated _____

---

[38] *See Coyle v. Kristjan Palusalu Maritime Co., LTD.,* 83 F. Supp.2d. 535, 542 (E.D.Pa. 2000) (holding that the act of falling and receiving a bloody nose is a startling event for the injured person).

**CERTIFICATE OF SERVICE**

I, Gerhard P. Dietrich, Esquire, hereby certify that a true and correct copy of the foregoing Motion *in Limine* of Defendant Steak and Ale of Pennsylvania, Inc. was served by first-class United States mail, postage prepaid, as follows:

> Michael F. McCartin, Esquire
> Murray L. Greenfield & Associates
> 9636 Bustleton Avenue
> Philadelphia, PA  19115

_____
Gerhard P. Dietrich

Date:  _____