IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELYSE UNRATH

v.                                              CIVIL ACTION NO. 02-CV-3191

STEAK AND ALE OF
PENNSYLVANIA, INC. d/b/a
BENNIGAN'S GRILL AND TAVERN

**PLAINTIFF, ELYSE UNRATH'S TRIAL MEMORANDUM**

I.   **FACTS**

Plaintiff, Ms. Elyse Unrath has brought the instant action for personal injuries sustained as a result of a slip and fall, which occurred on May 15, 2000, at approximately 5:30 p.m., at Defendant Bennigan's restaurant located on Cottman and Bustleton Avenues, in Philadelphia, Pennsylvania.

On the aforesaid date and time, Ms. Unrath was dining with a friend, Debbie Rubinski. As Ms Unrath exited her seat in an attempt to use the restroom, she was caused to slip and fall due to wet conditions on the floor in front of the wait station where all non-alcoholic beverages are served. Plaintiff alleges that the area in front of the wait station was slippery. Two (2) separate witnesses besides plaintiff have stated that the area was a known area for spills and a mat was usually placed in front of the wait station to keep people from falling. Furthermore, Plaintiff has testified that a waitress at the scene of the fall specifically stated that they had moved the mat.

As a result of the fall Ms. Unrath sustained severe injuries including a fracture to her left humerus bone. The fracture was so severe that after a period of unsuccessful conservative treatment, which included the use of a cast and a bone stimulator, Ms.

Unrath was forced to undergo an Open Reduction with Internal Fixation which included the use of a 13-hole plate with screws at the University of Pennsylvania Hospital. To date she still suffers from pain in her arm and has a large scar from the operation which are directly attributed to the fall.

Immediately following the fall, Ms. Rubinski and employees from the restaurant came over to assist Ms. Unrath, and thereafter an ambulance was called. Ms. Unrath's boyfriend, Craig Glickman and her son Patrick Unrath were also called to the restaurant where they awaited the arrival of an ambulance with Plaintiff. A waitress at the restaurant stated to Mr. Glickman and Ms. Unrath that in the past, many people complained about the floor being slippery and the danger it presented to customers. Further, both witnesses stated that there was no mat in front of the wait station where Ms. Unrath fell. Patrick Unrath also heard the waitress say that people had complained about the wet floor.

Restatement (Second) of Torts 343 discusses the duty a storeowner owes to its customers.

Section 343 reads as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

To recover in a slip and fall case, a plaintiff must produce "evidence which proves that the store owner deviated in some way from his duty of reasonable care under the circumstances." *Zito v.. Merit Outlet Stores,* 436 Pa.Super. 213, 647 A.2d 573, 575 (E.D.Pa.1994). Plaintiff will produce evidence that defendant deviated from reasonable care under the circumstances by not noticing and correcting the fact that the mat which was supposed to be in front of the wait station by there own admission was not there. In other words, if the defendant had acted reasonably under the circumstances a routine inspection of the area would have disclosed the fact that the mat which purpose was for protecting patrons from falling, was not in its proper place. Defendant's failure therefore created a hazardous and dangerous condition.

If the condition is one which the owner knows has frequently recurred, then actual notice of the condition may properly be found. *Borsa v. Great Atlantic & Pacific Tea Co.,* 207 Pa.Super. 63, 68, 215 A.2d 289, 292 (1965). This is precisely the situation that applies to this case. All of the employees from Bennigan's have recognized and stated that the area in front of the wait station is an area where spills occur which is the reason for the placement of the mat as close as possible to the wait station. Further there are facts in the record indicating that there were complaints of the floor being slippery. The failure on the part of the Defendant to have the mat placed properly in front of the wait station created a dangerous condition as Defendant, by its own admissions, knew moisture and liquid was a problem in the area and the failure to have the mat there should and could have been discovered by the use of reasonable care.

In addition to §343, <u>Section 344 of the Restatement (Second) of Torts</u> is also applicable to this case. This section of the Restatement imposes liability upon a possessor of land for the negligent acts of third persons under circumstances identified in the rule as follows:

§344. Business Premises Open to Public: Acts of Third Persons or Animals

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Under the law, the principle may, in limited circumstances, impose upon a storekeeper a duty to police his or her premises. This duty is explained in comment f as follows:

*f. Duty to police premises.* Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons,

either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

In this case that is clearly apparent here because Defendant, through deposed witnesses, has stated that the main purpose for placing the mat near the wait station is to soak up spills and prevent slip and fall accidents.

The Restatement's duty to police was adopted and applied to a grocery store owner in *Miller v. Peter J. Schmitt & Co., Inc.,* 405 Pa.Super. 502, 592 A.2d 1324 (1991). There, a majority of the Court imposed upon a storekeeper the duty to supervise an independent contractor who delivered ice to the store in order to protect customers against the possibility that the contractor would leave water on the floor causing it to become slippery. The majority thus found liability even though the customer had fallen within moments after the contractor had placed ice in an ice machine and before the contractor had completed his delivery. It did so because the ice had been delivered on a hot day and had been unloaded in an area that was not air-conditioned and because the storeowner had failed to police the delivery of ice or otherwise take adequate precautions to protect customers. Liability was imposed even though all the evidence was that the contractor, who had been making deliveries of ice for several years, had never before caused a slippery condition by allowing water on the floor.

Plaintiff submits that the evidence in the instant case presents a stronger case of negligence by the defendant than in *Miller.* Here, there is evidence that the restaurant had been aware that spills and liquid would accumulate in front of the wait station and the mat was placed as close to station as possible not only for the safety of the patrons but

also for the safety of the employees. Therefore there was a duty on the part of the Defendant to police the area and make sure that the mat was in its proper place.

Where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition.... *Moultrey v. Great Atlantic and Pacific Tea Company,* 281 Pa.Super. 525, 422 A.2d 593 (1980). Id. At 530-531,422 A.2d at 596 (*citing, Borsa v. Great Atlantic & Pacific Tea Co.,* 207 Pa.Super. 63, 68, 215 A.2d 289, 292 (1965); Clark v. Glosser Bros. Dept. Stores, 156 Pa. Super. 193, 39 A.2d 733 (1944)).

MURRAY L. GREENFIELD & ASSOCIATES

_____
MURRAY L. GREENFIELD, ESQUIRE
MICHAEL F. McCARTIN, ESQUIRE
Attorney for Plaintiff, Elyse Unrath