**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ELYSE UNRATH

v.

STEAK AND ALE OF PENNSYLVANIA,     CIVIL ACTION NO.  02-CV-3191
INC. d/b/a BENNIGAN'S GRILL AND
TAVERN

**POINTS FOR CHARGE**

Respectfully submitted,

_____

Murray L. Greenfield, Esquire
Michael F. McCartin, Esquire
Murray L. Greenfield & Associates
9636 Bustleton Avenue
Philadelphia, PA  19115
215-677-5300
ATTORNEY ID 38103/59562
Attorneys for Plaintiffs

**<u>BURDEN OF PROOF</u>**

1.      Under all the law and evidence in this case, your verdict must be for the Plaintiff, Elyse

Unrath.

## **BURDEN OF PROOF - I**

2.        In a civil case such as this one, you are instructed that Plaintiff need prove her case only by a fair preponderance of the credible evidence.  This means that they do not have the burden of proving their case beyond a reasonable doubt, as in a criminal trial, but only by the greater weight of the evidence.  Se-Ling Hosiery v. Marquiliers, 364 Pa. 45.  The evidence establishes a contention by a preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

## **BURDEN OF PROOF - III**

3.        The plaintiff has met her burden of proof if there are sufficient facts for you to reasonably say that the weight of the evidence favors the plaintiff.  The evidence is sufficient where a reasonable conclusion would place responsibility on the defendants, and it is for you to say which of several conclusions should be believed.

 Smith v. Bell Telephone Company of Pa., 397 Pa. 134, 153 A.2d 477 (1959).

4.          In a civil case such as this one, you are instructed that plaintiff need to prove her case only be a fair preponderance of the credible evidence.  This means that they do not have the burden of proving their case beyond a reasonable doubt, as in a criminal trial, but only be the greater weight of the evidence.  <u>Se-Ling Hosiery v. Marquiliers</u>, 364 Pa. 45.  The evidence established a contention by a preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of the scales of justice with a pan on each side.  Onto on pan of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly, or to the slightest degree, in favor of the plaintiff, then the plaintiff has met his burden of proof and you must find for the plaintiff.  If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

<u>Pennsylvania Suggested Standard Civil Jury Instruction</u>s, § 5.50.

5.         The plaintiff has met her burden of proof if there are sufficient facts for you to reasonably

say that the weight of the evidence favors the plaintiff.

<u>Smith v. Bell Telephone Company of Pa.</u>, 397 Pa. 134, 153 A.2d 477 (1959).

## **NUMBER OF WITNESSES**

6.        The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of many factors which you should consider.  Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability and credibility of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the great quantity of evidence; but which witnesses, and which evidence, you consider more worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appear to be out of the same quality, the weight of numbers assumes particular significance.

Pennsylvania Suggested Standard Civil Jury Instructions, § 5.05.

## **CONFLICTING TESTIMONY**

7.        You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true that two persons witnessing an accident may see or hear it differently.

        In different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

        If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictable statements you will believe.

        <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, § 5.04.

**DEPOSITION TESTIMONY**

8.        The sworn testimony of doctors was taken by videotape deposition prior to this trial. The testimony of a witness who for some proper reason cannot be present to testify in person, may be presented by videotape.  Such testimony was given under oath and in the presence of the attorneys for each party, who had the opportunity to question the witness.  A court reporter was present and transcribed everything that was said.  This form of testimony is entitled to neither more nor less credibility by you because of the manner of its submission.

Pennsylvania Suggested Standard Civil Jury Instructions, §2.05.

# **EXPERT WITNESSES I**

9.        You will recall that witnesses testified as to their qualification as experts and gave

testimony as experts in their respective fields.

        A witness who has special knowledge, skill, experience, training or education in a

particular science, profession or occupation may give his opinion as an expert as to any matter in

which he is skilled.  In determining  the weight to be given to his opinion, you should consider the

qualifications and reliability of the expert and the reasons given for his opinion.  You are not

bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in

the case of other witnesses.  Give it the weight, if any, to which you find it entitled.

        Pennsylvania Suggested Civil Jury Instructions, §5.30.

## <u>EXPERT WITNESSES II</u>

10. In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from his personal knowledge, from some other proper source, or from some combination of these.

  <u>Pennsylvania Suggested Civil Jury Instructions</u>, § 5.31.

## EXPERT TESTIMONY III - HYPOTHETICAL

11.        Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption.    These are called hypothetical question.    If you find that any material fact assumed in a particular hypothetical questions has not been established by the evidence, you should disregard the opinion of the expert given in response to that question.    By material fact, I mean one that was important to the expert in forming (his) opinion.

Similarly, if the expert has made it clear that his opinion is based on the assumption that a particular fact did not exist and, from the evidence, you find it did exist and that it was material, you should give no weight to the opinion so expressed.

Pennsylvania Suggested Civil Jury Instructions, § 5.32.

## WEIGHING CONFLICTING EXPERT TESTIMONY

12.       In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weight the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion of the facts and other matters upon which it is based.

       Pennsylvania Suggested Jury Instructions, § 5.33.

## NEGLIGENCE I

13.       As a general principle of law, one who causes injuries or damages to another by their negligence must restore the injured party as equally as possible to his original condition. Ordinarily, this is not possible in any way except having the negligent party pay a sum of money which will compensate the injured party for his loss.  The plaintiff has brought this suit to recover compensation by way of damages which she claims to have suffered as a result of the defendant's negligence.  The basis of this suit then is negligence.

          3 Laub, <u>Trial Guide</u>, § 619.1.

## NEGLIGENCE II

14.      The legal term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise in the circumstances here presented. Negligent conduct may consist either of an act or an omission to act when there is a duty to do so.  In other words, negligence is the failure to do something which a reasonably careful person would do, or the doing of something which a reasonable careful person would not do, in light of all the surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful person would act in those circumstances.

Pennsylvania Suggested Civil Jury Instructions, § 3.01.

## **NEGLIGENCE III**

15.      Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case.  It is the duty of every person to use ordinary care not only for his own safety and the protection of his property, but also to avoid injury to others.  What constitutes ordinary care varies according to the particular circumstances and conditions existing.  The amount of care required by the law must be in keeping with the degree of danger involved.

      Pennsylvania Suggested Civil Jury Instructions, § 3.02.

## PREMISE LIABILITY VII - REASONABLE INSPECTION

16.　　　　Furthermore, one who owns land in a developed or residential area has a duty to make reasonable inspections of the property, and to correct any conditions unreasonably dangerous to others which could be discovered by the exercise of reasonable care and which could be made reasonably safe by repair or otherwise.

Therefore, if you find that the location of the defendant's property was in a developed or residential area, and that Ms. Unrath was caused harm by a dangerous condition on the defendant's property, and that the defendants by the exercise of reasonable care could have discovered the defect and the risk arising therefrom and could have made it reasonably safe by repair or otherwise, you may find the defendants liable for the resulting damage.

Pennsylvania Suggested Standard Civil Jury Instructions, § 7.10

## **NEGLIGENCE IV**

17.　　　　In order to determine if the defendants failed to exercise that degree of care which a

reasonable person would have exercised under the circumstances, you must determine the facts

in the case and the actions of the defendants.  When you examine those actions, you must apply

the test of a reasonably prudent person.  If the defendant did not conduct himself as a reasonably

prudent person under the facts and circumstances, your verdict must be in favor of the plaintiffs.

Altamari v. Kruger, 325 Pa. 235, 239.

## PREMISE LIABILITY I - DUTY IN GENERAL

18.        A owner or occupier of land is required to use reasonable care in the maintenance and

use of the property.  If you find that the owner or occupier has failed in this regard, this is

negligence that will make the owner or occupier liable for any resulting damage to one lawfully on

the property.  What is reasonable care depends on, and must be in keeping with, the use the

defendant expected to be made of the property.

        Pennsylvania Suggested Standard Civil Jury Instructions, § 7.00.

## (OWNER) (OCCUPIER) OF LAND (INVITEE, PUBLIC INVITEE, AND BUSINESS VISITOR DEFINED)

19.    An invitee can be a public invitee or a business visitor.

A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the (owner) (occupier) of the land.

Pennsylvania Suggested Standard Civil Jury Instructions, § 7.01A.

## (OWNER) (OCCUPIER) OF LAND (DUTY OF CARE OWED TO INVITEES GENERALLY)

20.        An (owner) (occupier) of land is required to use reasonable care in the maintenance and use of the land, and to protect invitees from foreseeable harm.  An (owner) (occupier) of land is also required to inspect the premises and to discover dangerous conditions.  An (owner) (occupier) of land is liable for harm caused to invitees by a condition on the land if:

(1)        the (owner) (occupier) knows or by using reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm, and

(2)        the (owner) (occupier) should expect that the invitees will not discover or realize the danger, or will fail to protect themselves against it, and

(3)        the (owner) (occupier) fails to use reasonable care to protect the invitees against the danger.

An (owner) (occupier) of land is liable to invitees for any harm that the (owner) (occupier) should have anticipated, regardless of whether the danger is known or obvious.

Pennsylvania Suggested Standard Civil Jury Instructions, § 7.02A.

## CAUSATION I

21.     If you find that the defendant was negligent, you must next determine whether the defendant's negligence was the legal cause of the accident.  In order to be the legal cause of the accident, the negligence of defendant must be a substantial factor in bringing about plaintiff's injuries.  This is what the law recognizes as legal cause.  A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the accident.

Pennsylvania Suggested Civil Jury Instructions, § 3.25.

## <u>DAMAGES</u>

22.        If you find that the defendant is liable to plaintiff, you must then find an amount of money

damages you believe will fairly and adequately compensate the plaintiff for all the physical injury

she has sustained as a result of the accident.  The amount you award today must compensate the

plaintiff completely for damages sustained in the past, as well as damages the plaintiff will sustain

in the future.

        <u>Pennsylvania Suggested Civil Jury Instructions</u>, § 6.00.

## **COMPARATIVE NEGLIGENCE I**

23.　　　The defendants claim that Ms. Unrath was guilty of comparative negligence.

Comparative negligence is negligent on the part of Ms. Unrath that is a substantial factor in

bringing about the plaintiff's injuries.  The burden is not on the Ms. Unrath to prove she was not

comparatively negligent.  The defendants have the burden of proving comparative negligence

beyond a preponderance of the evidence.  In order to find that Ms. Unrath was guilty of

comparative negligence, you must find that the defendants proved by a preponderance of the

evidence that Ms. Unrath failed to act with the care that a reasonable person of ordinary

prudence would exercise for his own safety.

　　　　Even if you find that Ms. Unrath was negligent, you must also determine whether the

defendants have proved that Ms. Unrath's conduct was a substantial factor in bringing about his

injuries.  If the defendants have not sustained that burden of proof, then the defense of

comparative negligence fails.

　　　　Pennsylvania Suggested Standard Civil Jury Instructions, § 3.03.

## **COMPARATIVE NEGLIGENCE II**

24.        It is not necessary for Ms. Unrath to have exercised the best possible judgment in order to be deemed free of comparative negligence.  Ms. Unrath's conduct is to be measured only by what was reasonable under the particular circumstances.

          In determining whether Ms. Unrath failed to act with reasonable care, you may consider the rule that no person is required to expect that another will be negligent or commit an unlawful act.  One always had the right to assume that another will not disobey the law.   Jones v. Williams, 358 Pa. 559.

### COMPARATIVE NEGLIGENCE III

25.      The Court has already instructed you about what you may consider in determining whether the defendants were negligent, whether Ms. Unrath was comparatively negligent, and whether such negligence, if any, was a substantial factor in bring about Ms. Unrath 's harm.  If you find, in accordance with these instructions, that the defendants were negligent and such negligence was a substantial factor in bringing about Ms. Unrath 's harm, you must then consider whether Ms. Unrath was comparatively negligent.  If you find that Ms. Unrath was comparatively negligent and such comparative negligence was a substantial factor in bringing abut her injuries, then you must apply the Comparative Negligence Act, which provides in Section 1:

> The fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than the causal negligence of the defendant or defendants against whom recover is sought, but any damages sustained by the plaintiffs shall be diminished in proportion to the amount of negligence attributed to the plaintiffs.
>
> Pennsylvania Suggested Standard Civil Jury Instructions, § 3.03A.

**MEDICAL EXPENSES**

26.        Ms. Unrath is entitled to be compensated in the amount of all medical expenses

reasonably incurred for the diagnosis, treatment and cure of his injuries in the past.  The parties

have agreed that plaintiff's medical expenses totaled $_____.

                Pennsylvania Suggested Standard Civil Jury Instructions, § 6.01A.

## **INCIDENTAL COSTS**

27.         In addition to the costs of medical care, the plaintiff is entitled to be compensated for all

other incidental costs incurred as a result of the accident, or that you find will be incurred in the

future.  These expenses may include:

> (1)       Out of pocket expenses.
>
> (2)       Additional medical expenses
>
> Pennsylvania Suggested Civil Jury Instructions, § 6.01K.

## DISABILITY, IMPAIRMENT AND
## LOSS OF THE ENJOYMENT OF LIFE

28. A plaintiff who is awarded a verdict is entitled to a fair and reasonable compensation for any permanent or temporary injury resulting in disability to or impairment of his health and ability to participate in activities, as a proximate result of defendant's negligence.  Disability or impairment means worsening, weakening or loss of faculties, health or ability to participate in activities.  Disability and impairment includes compensation for the inability to pursue one's normal pleasure and enjoyment.  You must decide how the injury has deprived the plaintiff of her customary activities as a whole person.  This measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances of the case to compensate the plaintiff for her injuries and consequent disability, impairment and loss of the enjoyment of life.

## PAIN AND SUFFERING I

29.      A plaintiff who sustains injuries as a result of the negligence of another is entitled to recover fair and reasonable money damages for the full extent of the harm caused.  The law recognizes as proper items for recovery, the pain, physical and mental suffering, discomfort, and distress that a person may endure as a natural consequence of such injury.  The measure of damages is what a reasonable person would consider to be adequate and just under all circumstances to compensate the plaintiff, no more and no less.

You may consider plaintiff's age, usual activities, occupation, family responsibilities and similar relevant factors in evaluating the probable consequences of any injuries you find the plaintiff has suffered.  You are to consider the nature, character and seriousness of an injury, discomfort or disfigurement.  You must also consider their extent or duration, as any award you make must cover the damages suffered by the plaintiff since she suffered his injuries to the present time, and even into the future if you find as a fact that the proof presented justifies the conclusion that the plaintiff's injuries and their consequences have continued to the present time or can reasonably be expected to continue into the future.

## PAIN AND SUFFERING II

30.     The law does not provide you with any table, schedule or formula by which a person's pain and suffering may be measured in terms of money.  The amount is left to your sound discretion.  It is not an arbitrary power left to you, but rather a mechanism by which you are to attempt to make the plaintiff whole, so far as money can do so, based upon reason and sound judgment, without any passion, prejudice, bias or sympathy.  You each know from your common experience the nature of pain and suffering, and you also know the nature and function of money.  The task of equating the two so as to arrive at a just and fair award of damages is one which requires a high order of human judgment.  For this reason, the law can provide no better yardstick for your guidance than your own enlightened and impartial conscience.  In this undertaking, you should, of course, have regard to the testimony of the plaintiff's bearing on the subject of his discomforts.  You should measure his testimony against the background of your own common experience and in light of your own frank appraisal of plaintiff's demeanor and general credibility as a witness.  Similarly, you should scrutinize all other evidence presented by both parties on this subject, including, of course, the testimony of the physicians who appeared.  Then, having given weight and consideration to each of the factors presented, to the extent you feel such weight and consideration is merited, you will arrive at a judgment which fixes the amount of money plaintiff shall receive in compensation for the total extent of his injuries, including all of the elements I have mentioned.

## <u>PAST PAIN AND SUFFERING</u>

31.        Plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental

anguish, discomfort, inconveniences and distress as you find she has endured, from the time of

the accident until today.

       <u>Pennsylvania Suggested Civil Jury Instructions</u>, § 6.01E.

**<u>FUTURE PAIN AND SUFFERING</u>**

32.        Plaintiff is also entitled to be fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience and distress as you believe she will endure in the future as a result of her injuries.

<u>Pennsylvania Suggested Civil Jury Instructions</u>, § 6.01F.

## <u>ENJOYMENT OF LIFE</u>

33.        The plaintiff is entitled to be fairly and adequately compensated for the past, present and

future loss of her abilities to enjoy any of the pleasures of life as a result of her injuries.

<u>Pennsylvania Suggested Civil Jury Instructions</u>, § 6.011.

## **PAST PAIN AND SUFFERING**

34.        Plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental

anguish, discomfort, inconvenience and distress as you find she has endured, from the time of the

accident until today.

Pennsylvania Suggested Standard Civil Jury Instructions, § 6.01E.

## **FUTURE PAIN AND SUFFERING**

35.        Plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental

anguish, discomfort, inconvenience and distress as you believe she will endure in the future as a

result of her injuries.

        Pennsylvania Suggested Standard Civil Jury Instructions, § 6.01F.

## <u>EMBARRASSMENT AND HUMILIATION</u>

36.         Plaintiff is entitled to be fairly and adequately compensated for such embarrassment and

humiliation as you believe she has endured as a result of her injuries.

<u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, § 6.01G.

## <u>ENJOYMENT OF LIFE</u>

37.        The plaintiff is entitled to be fairly and adequately compensated for the past, present and

future loss of her ability to enjoy any of the pleasures of life as a result of her injuries.

<u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, § 6.01I.

## **CONCLUSION**

38.        You will now retire to consider all of the evidence received in this trial in the light of the various factors I have presented to you and apply the law as I have given it to the facts as founds by you.  If you find that the defendant was negligent, and that the defendant's conduct was a substantial factor in bringing about harm to the plaintiff, your verdict must be in favor of the plaintiff and against the defendant.

If you find that the plaintiff was contributorily negligent and that his negligence was a real factor in bringing about him harm, and that his negligence was greater than that of defendant, your verdict must be in favor of the defendant.

If you find that the defendant was not negligent, or that his negligence was not a substantial factor in bringing about harm to the plaintiff, your verdict should be in favor of the defendant.

If your verdict is in favor of the plaintiff, you must then determine what damages the plaintiff suffered and will cause to be suffered by reasons of the defendant's negligence and return a verdict for the plaintiff in that amount.

Pennsylvania Suggested Civil Jury Instructions, § 3.50.