UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELYSE UNRATH | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 02-CV-3191 |
| V. | : | |
| | : | |
| STEAK AND ALE OF PENNSYLVANIA, INC. | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**PRE-TRIAL MEMORANDUM OF DEFENDANT,
STEAK AND ALE OF PENNSYLVANIA, INC.**

In accordance with the Court's Scheduling Order dated October 29, 2002, Steak and Ale of Pennsylvania, Inc. ("Steak and Ale"), by and through its counsel, Daller Greenberg & Dietrich, LLP, submits the following Pre-Trial Memorandum.

**I.   NATURE OF ACTION**

Plaintiff filed a negligence action against Steak and Ale in the Court of Common Pleas of Philadelphia County, alleging injuries as a result of slipping and falling inside a Bennigan's Grill and Tavern ("Bennigan's"). Steak and Ale removed the case to the United States District Court for the Eastern District of Pennsylvania based upon diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

**II.   COUNTER-STATEMENT OF FACTS**

Plaintiff admits that the Bennigan's was generally well maintained on the several occasions when she was present at the restaurant, including on the evening she fell. The Bennigan's had an independent contractor clean the floors on a daily basis while the restaurant was closed, and employees spot cleaned when necessary during the day. On the evening of her fall, after being at the restaurant for about half an hour, plaintiff got up from her table to use the restroom. As she walked down an aisle towards the restroom she fell.

Plaintiff admits she saw nothing on the floor that may have caused her to fall, either before or after the fall. None of the other witnesses who were present at the time, or shortly after the time, plaintiff fell saw anything on the floor.

Plaintiff's then boyfriend, Craig Glickman, explains that he first pointed out to the plaintiff in the emergency room that the sole of her shoe was wet. At that point, plaintiff had no idea what caused her to fall, but Mr. Glickman speculated that she may have slipped in a puddle of water. This has become the basis of plaintiff's case. Plaintiff has further speculated that this water, which no one saw on the floor, must have come from a wait station used by Bennigan's employees. According to various witnesses, plaintiff fell by or before she reached the wait station area.

Plaintiff claims that there was no mat in the area where she fell. It is unclear why this is material. The floor of the aisle where plaintiff fell is made of ceramic tile. On the day of the fall, dozens of people had walked with no difficulty over the same area where plaintiff fell. Thousands of people have walked on the ceramic floor over time with no difficulty. There are several mats that cover parts of aisle, but there was none at the very spot where plaintiff fell. None of plaintiff's witnesses can say that a mat was not nearby the area where plaintiff fell. Mr. Glickman has testified there was a mat nearby the wait station.

### III.     DAMAGES CLAIMED BY PLAINTIFF

Plaintiff sustained a fractured left humerus, which did not heal with conservative treatment. However, Dr. David Bozentka performed a successful operation, and by July, 2001, plaintiff had full range of motion and was released to return to working out at a

gym. Defendant's medical expert, Dr. John Taras of the Philadelphia Hand Center, examined plaintiff in September, 2002. He has opined that she regained full function of her arm and would not restrict the use of her arm in any way.

Steak and Ale disputes the amount and necessity of the special damages claimed by plaintiff in her Pre-Trial Memorandum, but will continue in an effort to resolve issues concerning the amount of medical expenses and wage loss.

### IV. DEFENDANT'S WITNESSES

1. Eric Blanchard, Bennigan's General Manager
2. Tom Fralin, former Bennigan's Manager
3. John S. Taras, M.D., Medical Expert
4. Craig Glickman, plaintiff's ex-boyfriend

Steak and Ale reserves the right to call any witness listed by plaintiff in her Pre-Trial Memorandum.

### V. EXHIBITS

D-1  Plaintiff's Complaint

D-2  Plaintiff's Responses to Interrogatories and Request for Production of Steak and Ale

D-3  Guest Incident Report

D-4  Plaintiff's Statement

D-5  Invoices and Records from Moss Rehabilitation

D-6  Records from the City of Philadelphia Fire Department, EMS Division

D-7    Records from Jack Nemez, M.D.

D-8    Records from Jeanes Hospital

D-9    Records from Suburban Pharmacy

D-10   Records from Allen Richmond, M.D.

D-11   Records from the School District of Philadelphia

D-12   Records from Presbyterian Hospital

D-13   Records from Nazareth Hospital

D-14   Records from Dr. David Cautilli

D-15   Records from Harry J. LaWall & Son

D-16   Records from Rite-Aid Pharmacy

D-17   Records of Nathan Schatz, M.D.

D-18   Records from Lafayette Hill Medical Center

D-19   Records from Penn Medicine at Radnor

D-20   Records from Presbyterian Medical Center

D-21   Records from Dr. Denise Ranucci

D-22   Records from Dr. David J. Bozentka

D-23   Records from Phillip A. Lipson, D.O.

D-24   Records from Dr. George Weber

D-25   Records produced by plaintiff to Steak and Ale

D-26   Records from Independence Blue Cross

D-27   Curriculum Vitae of Dr. David J. Bozentka

D-28   Report of John S. Taras, M.D.

D-29   Videotaped Deposition testimony of John S. Taras, M.D., and exhibits at that deposition

D-30   Curriculum Vitae of John S. Taras, M.D.

D-31   Photographs of plaintiff

D-32   Diagram/Seating Chart of Bennigan's

D-33   Transcript of Deposition of plaintiff and exhibits introduced at that deposition

D-34   Transcript of Deposition Patrick Unrath and exhibits introduced at that deposition

D-35   Transcript of Deposition of Craig Glickman and exhibits introduced at that deposition

D-36   Transcript of Deposition of Lauren Ingalls and exhibits introduced at that deposition

D-37   Transcript of Deposition of Debbie Rubinsky and exhibits introduced at that deposition

D-38   Statement of Danielle Kroungold

D-39   Statement of Lindsay Burger

D-40   Statement of Elise Hatfield

D-41   Statement of Erin Ryan

D-42   Statement of Constance Morris

D-43   Statement of Jen Moulton

Steak and Ale reserves the right to use as an exhibit any record produced during discovery. Some exhibits may be enlarged for trial.

**VI.   TRIAL TIME**

Steak and Ale estimates that the trial of this case will take three to four days.

**VII.   SPECIAL COMMENTS**

Steak and Ale has filed a Motion *in Limine* to exclude testimony regarding a statement plaintiff alleges was made by an unknown Steak and Ale employee.

VIII.  **OBJECTIONS TO ADMISSIBILITY OF EVIDENCE BASED ON AUTHENTICITY**

None expected.  Defendant reserves the right to object to the authenticity of any record after receiving marked exhibits.

IX.  **OBJECTIONS TO ADMISSIBILITY OF EVIDENCE**

Steak and Ale anticipates that plaintiff will seek to offer an alleged out of court statement of a Steak and Ale employee.  Steak and Ale's objection to the admissibility of this statement is more fully addressed in its Motion *In Limine*.

X.  **OBJECTIONS TO TESTIMONY OF EXPERT WITNESS**

None.

XI.  **OBJECTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 701**

Steak and Ale anticipates that plaintiff, or other lay witnesses offered by plaintiff's counsel, may seek to testify as to the general condition of the flooring at the Bennigan's.  To that end, plaintiff's counsel may seek to elicit testimony that the flooring in the restaurant was "slippery."  As a determination of the characteristics of a particular flooring surface requires technical and scientific measurements of, among other things, the level of friction of the surface, a lay witness is not qualified to offer such testimony.  Thus, such lay witness opinions should be excluded pursuant to Federal Rule of Evidence 701.

          Respectfully submitted

          DALLER GREENBERG & DIETRICH, LLP

By: _____
          Gerhard P. Dietrich
          Eight Tower Bridge
          161 Washington Street, Suite 900
          Conshohocken, PA  19428
          (215) 836 - 1100

          Attorneys for Steak and Ale of
          Pennsylvania, Inc.