MURRAY L. GREENFIELD & ASSOCIATES
Murray L. Greenfield, Esquire
Michael F. McCartin, Esquire
ATTORNEY ID 38103/59562
9636 Bustleton Avenue
Philadelphia, PA 19115
(215) 677-5300                    ATTORNEY FOR:  **PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELYSE UNRATH

    v.

STEAK AND ALE OF                    CIVIL ACTION NO.  02-CV-
PENNSYLVANIA, INC d/b/a             3191
BENNIGAN'S GRILL AND
TAVERN

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STEAK AND ALE OF PENNSYLVANIA, INC. MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AS HEARSAY**

    Plaintiff, Elyse Unrath, by and through her attorneys, Murray L. Greenfield & Associates having received Defendant's Motion in Limine hereby responds and avers as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Denied.  It is denied that plaintiff will introduce evidence of three (3) separate statements made by an unidentified Bennigan's waitress.  A description of the waitress was provided by various witnesses in this case.  Defendant refused to permit various

waitresses to be deposed in this matter. See correspondence from defense counsel attached hereto as Exhibit "A".

    4.    Admitted. By way of further answer, Defendant refused to provide depositions for the waitresses who provided statements in this matter. Defendant now attempts to claim that Plaintiff did not identify the waitress and yet refused to provide the requested witnesses.

    5.    Denied. It is denied that Plaintiff failed to identify the individual who made the purported statements. A physical description was provided during the depositions of Plaintiff, Ms. Rubinsky, Patrick Unrath and Craig Glickman.

    6.    Denied. It is denied that the purported out of court statements under the Federal Rules of Evidence must be excluded as hearsay.

WHEREFORE, Plaintiff, Elyse Unrath respectfully requests that this Honorable Court deny Defendant's Motion in Limine and enter an Order in the form proposed herein.

                                      Respectfully submitted,

                                      _____

                                      MURRAY L. GREENFIELD, ESQUIRE
                                      MICHAEL F. McCarty, ESQUIRE
                                      Attorney for Plaintiff

**MURRAY L. GREENFIELD & ASSOCIATES**
BY:  Murray L. Greenfield, Esquire
       Michael F. McCartin, Esquire
ATTORNEY ID 38103/59562
9636 Bustleton Avenue
Philadelphia, PA 19115
(215) 677-5300                                            ATTORNEY FOR:  **PLAINTIFF**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ELYSE UNRATH

      v.

STEAK AND ALE OF                      CIVIL ACTION NO.  02-CV-
PENNSYLVANIA, INC d/b/a              3191
BENNIGAN'S GRILL AND
TAVERN

**PLAINTIFF'S, ELYSE UNRATH MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S STEAK AND ALE OF PENNSYLVANIA, INC. MOTION IN
LIMINE TO PRECLUDE CERTAIN EVIDENCE AS HEARSAY**

I.  INTRODUCTION

    Plaintiff, Elyse Unrath sustained injuries as a result of a wet floor at Bennigan's and there is evidence that a mat which was placed in areas where spills occur in front of the wait station was not properly placed and/or missing.  A waitress at the scene specifically told Plaintiff that they had moved the mat.  See deposition transcript of the deposition testimony of Elyse Unrath at p. 50 attached hereto as Exhibit "B".  This statement was made contemporaneously with the fall.  In fact, it was Plaintiff's perception, at that time, that the waitress was worried about something and was very upset.  Further, Debra Rubinsky who was with Plaintiff at the time of the fall specifically testified that she recalls the young waitress questioning why the carpet was not where it was supposed to

be in front of the wait station. See deposition transcript of the deposition of Debra Rubinsky at p. 38 attached hereto as Exhibit "C". Further, Ms. Rubinsky also described the incident as follows:

Page 19

Q. You said her eyes were rolling in the back of her head.

A. You know, she was in pain. It was like one of these - - that's the only way I can describe it. I mean she was white as a ghost and I was there, the manager was black I remember that. He came running over. I think a young girl, young waitress white, brown hair she came over. You know, at that point it just was upsetting. Elyse was very self-conscious about lying on the floor and yet we could not get her up.

She further went on to testify as follows:

Q. Did you have to get other people to help or did the manager and the young waitress show up on their own?

A. I think the young girl came over right away and Elyse said "don't touch me, don't touch me, my arm".

See deposition transcript of the deposition testimony of Debra Rubinsky at pp. 19 and 21 attached hereto as Exhibit "D".

    The deposition of Thomas Fralin was taken in this matter and he testified regarding the responsibility for inspecting the floors. He testified as follows:

Q. Whose responsibility is it for inspecting the floors?

A. Daily?

Q. Yeah, daily or during a shift.

A. A manager. Everybody. It's everybody's responsibility really, employees.

    The deposition of Eric Blanchard was also taken in this matter. He testified as follows:

Q. And then how about after the restaurant opens, is there any further cleaning of the floors?

A. No. At that point, it is maintenance, be it picking up a tissue or a piece of garbage. That's maintenance done by either, really anyone. That's everyone's responsibility, in my opinion.

See deposition transcript of the deposition testimony of Eric Blanchard at p. 76 attached hereto as Exhibit "E".

Further, Craig Glickman testified as follows:

Q. The waitress said that in the past many people complained about the floor being slippery.

A. Yes.

Q. Do you believe that to be true?

A. Yes.

Q. And when you saw this statement today, before seeing this statement you remembered her saying that?

A. Yes.

See deposition transcript of the deposition testimony of Craig Glickman at p. 35 and statement attached hereto as Exhibit "F".

The statements of the waitress in this matter regarding the placement of mats and slipperiness of the floor are admissible as an exception to the hearsay rule as an admission by a party. In this particular case, the manager Thomas Fralin and general manager, Eric Blanchard have testified that it is within the waitress' duty to inspect the areas inside the restaurant. In short, it was all of the employees' responsibility to make sure that there were no spills or water on the floor and that the mats were placed appropriately. If the mats were not placed appropriately it would be a violation of the restaurant's own protocol for having mats in front of areas where spills occurred causing

the floor to become slippery. The statements by the waitress are admissible under Fed.R.Evid. 801(d)(2)(D). The rule provides that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay when offered against the party. *Hill v. Spiegel, Inc.,* 708 F.2d 233, 237 (6th Cir.1983). In this particular case spills and the placement of mats to minimize the dangers of spills by placement of a mat are clearly within the scope of the waitress' employment. In addition, the statements are admissible under the present sense impression exception to the hearsay rule. Under Federal Rule of Evidence 803(1) an out-of-court statement is admissible as a present sense impression if it is "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed.R.Evid. 803(1). Three principal requirements must be met before hearsay evidence may be admitted as a present sense impression: (1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous. United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998).

Moreover, the statements made by the waitress fall within the excited utterance exceptions to the hearsay rule.

Whether a statement falls within the excited utterance exception to the hearsay rule lies within the discretion of the trial judge. *Kornicki v. Calmar Steamship Corp.,* 460 F.2d 1134, 1138 (3d Cir.1972). The burden of establishing the facts which qualify a statement as an excited utterance rests with the proponent of the evidence. *Id.* Under Federal Rule of Evidence 803(2) an out-of-court statement is admissible as an excited

utterance if it is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2). In order for a hearsay statement to constitute an excited utterance there must be: (1) a startling occasion; (2) a statement relating to the circumstances of the startling occasion; (3) a declarant who appears to have had opportunity to personally observe the events; and (4) a statement made before there has been time to reflect and fabricate. *Mitchell,* 145 F.3d at 576.

Further, in order to meet the requirement of this exception three conditions must be met: (1) a startling occasion, (2) a statement made before time to fabricate, and (3) the statement relates to the circumstances of the occurrence. 6 *Wigmore on Evidence* § 1750 (Chadbourn rev.1976); *See Milwaukee Gear Co. v. Charles Benjamin, Inc.,* 466 F.2d 588, 591 (3d Cir.1972). The availability of the declarant is immaterial. Fed.R.Evid. 803. Moreover, *the circumstances of the particular incident* in and of themselves can give rise to a "reasonable presumption of spontaneity" of the utterance. *Kornicki,* 460 F.2d at 1138-39. In this particular case the waitress, as stated by Ms. Rubinsky, came running over and made the statement while Ms. Unrath was still on the ground. The falling and breaking of Ms. Unrath's left humerous bone requiring the summoning of an ambulance clearly would be described as a startling event. Also the condition of the missing mat was certainly perceived by the waitress as evidenced by the observations of Plaintiff and Debra Rubinsky wherein they stated that the waitress was noticeably upset.

Direct proof of perception, or proof that forecloses all speculation is not required. On the other hand, circumstantial evidence of the declarant's personal perception must not be so scanty as to forfeit the "guarantees of trustworthiness" which form the hallmark

of all exceptions to the hearsay rule. Fed.R.Evid. 803 advisory committee note. When there is no evidence of personal perception, apart from the declaration itself, courts have hesitated to allow the excited utterance to stand alone as evidence of the declarant's opportunity to observe. *Garrett v. Howden,* 73 N.M. 307, 387 P.2d 874, 876-78 (1963); *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 1117 (1939). In some cases, however, the substance of the statement itself does contain words revealing perception. A statement such as, "I saw that blue truck run down the lady on the corner," might stand alone to show perception if the trial judge finds, from the particular circumstances, that he is satisfied by a preponderance that the declarant spoke from personal perception. An inference of personal perception can be drawn, however, if the words of the statement or the circumstances surrounding the event " 'show more likely than not that the declarant saw the event.' " See *Billebault v. DiBattiste,* No. CIV.A. 96-6501, 1999 WL 191648, at *7 (E.D.Pa. Mar.29, 1999) (quoting *Mitchell,* 145 F.3d at 577). Furthermore, the court may infer that an unknown declarant personally perceived the event if the words of the statement or circumstances surrounding the event "show more likely than not that the declarant saw the event." *Id.* at 577 (citing *Miller v. Keating,* 754 F.2d 507, 511 (3d Cir.1985)).

      In this particular case it is certainly more likely than not that the waitress observed the event of falling and the missing mat. Moreover, the statement was made under the stress of the excitement caused by the event. The statements of the waitress therefore should not be precluded as hearsay as they qualify as an exception to the hearsay rule as not only a party admission but a present sense impression and an excited utterance.

Defendant cites the case of Wilkinson v. Carnival Cruise Lines, Inc., wherein a passenger sued a cruise line for injuries sustained by a sliding glass door. As noted in Defendant's analysis, the Court found that dealing with sliding glass doors was beyond the steward's job duties, which were limited to cleaning rooms in the passenger area of the ship and did not involve any tasks in the part of the ship where the subject door was located. This is clearly not the case in this matter. Bennigan's own manager and general manager testified that inspection of the floor was the responsibility of the employees. The waitress who would serve drinks from the wait station would clearly, in the course of her everyday duties and inspections, notice the mat was missing from its usual place. While Defendant is correct that the waitress does not have any role in selecting the type of flooring surface, inspections of the floor clearly fall within their duties and her statement in regard to the missing mat and slipperiness of the floor is within the scope of her employment.

WHEREFORE, Plaintiff, Elyse Unrath requests that Defendant's Motion in Limine to Preclude Certain Evidence as Hearsay be denied.

Respectfully submitted,

_____
MURRAY L. GREENFIELD, ESQUIRE
MICHAEL F. McCarty, ESQUIRE
Attorney for Plaintiff

**MURRAY L. GREENFIELD & ASSOCIATES**
BY:  Murray L. Greenfield, Esquire
       Michael F. McCartin, Esquire
ATTORNEY ID 38103/59562
9636 Bustleton Avenue
Philadelphia, PA 19115
(215) 677-5300                                                   ATTORNEY FOR:  **PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELYSE UNRATH

     v.

STEAK AND ALE OF                               CIVIL ACTION NO.  02-CV-3191
PENNSYLVANIA,  INC d/b/a
BENNIGAN'S GRILL AND
TAVERN

## ORDER

    AND NOW, this            day of                              , 2003, having received

Defendant's Motion in Limine to preclude certain evidence as hearsay and Plaintiff's

Response thereto,  it is hereby ORDERED and DECREED that said Motion is DENIED.


                                                                                 J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELYSE UNRATH

      v.

STEAK AND ALE OF                   CIVIL ACTION NO. 02-CV-3191
PENNSYLVANIA, INC d/b/a
BENNIGAN'S GRILL AND
TAVERN

### CERTIFICATION OF SERVICE

I hereby certify that I have served a copy of this paper upon all other parties or their attorney of record by:

        (x)  Regular First Class Mail
        ( )  Certified Mail
        ( )  Other  _____

        _____
        MURRAY L. GREENFIELD, ESQUIRE
        MICHAEL F. McCARTIN, ESQUIRE
        Attorney for Plaintiff

Date: _____

## VERIFICATION

    I, MURRAY L. GREENFIELD, ESQUIRE, verifies that the statements made in this pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. §4904 relating to unsworn falsification to authorities.

_____
**MURRAY L. GREENFIELD, ESQUIRE**
**Attorney for Plaintiff**

**Date:**_____